IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                        :

JOSE M. SANTIAGO PAGAN                  :     CASE NO. 07-05103(SEK)
ANGELA M. JIMENEZ CALDERON
     DEBTORS                            :     CHAPTER 13
----------------------------------

**OPINION AND ORDER**

Before the Court is Doral Bank's (hereinafter "Doral") Motion for order confirming the automatic stay is not in effect by operation of §362(c)(3)(A) and (B) of the Bankruptcy Code.[1] For reasons that follow, we find the automatic stay terminated as to debtor and property of the debtor. However, it still operates as to property of the estate.

Debtors are repeat filers, as their previous case number 03-134 32 (SEK) was dismissed on April 11, 2007, and they filed the instant one on September 7, 2007. Therefore, section §362(c)(3) is applicable here.

Doral argues the automatic stay terminated as to debtor, property of the debtor and property of the estate, as Debtors did not seek its continuation within thirty days from filing the instant petition. Doral cites three cases to buttress its request: *In re Jupiter*, 344 B.R. 754 (Bankr. S.C. 2006); *In re Curry*, 362 B.R. 394 (Bankr. N.D.Ill. 2007); *In re Okyere*, No. 06-40479 (Bankr. Mass. June 23, 2006).

---

[1] All references to the "Bankruptcy Code" or to specific sections are to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

FILED & ENTERED
2 8 JAN 2008
CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

2

However, we choose to follow the majority view embraced by the First Circuit Bankruptcy Appellate Panel in *Jumpp v. Chase Home Finance LLC (In re Jumpp),* 356 B.R. 789 (BAP 1st Cir. 2006), that concludes section 362(c)(3)(A) only terminates the automatic stay with respect to actions against the debtor and against property of the debtor, not against property of the estate.[2]

As Debtors here did not request continuation of the automatic stay under §362(c)(3)(B), it terminated as to debtor and property of the debtor on the 30th day after the filing of this petition by operation of §362(c)(3)(A). However, the stay is still in effect as to property of the estate. We reach this ruling by adopting the reasoning set forth in *In re Jumpp*, 356. B.R. at 791 *et seq.* Hence, the second prong of Doral's argument, (the instant petition was not filed in good faith pursuant to §362(c)(3)(C)) is moot.

The Clerk shall reschedule a hearing to confirm the plan, as the minutes of the section 341 meeting of creditors show it was not favorably recommended by the Trustee.

**SO ORDERED**, in San Juan, Puerto Rico, on January 28, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge

---

[2] See cases cited in *Jumpp v. Chase Home Finance LLC (In re Jumpp)*, 356 B.R. 789, 790 n. 3 (BAP 1st Cir. 2006).